IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN ANDREW NOONAN | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. GLR-12-3447 |
| SCOTT D. SHELLENBERGER, ADAM D. LIPPE, MICHAEL E. FIELD, SHAWN VINSON, and DONNA COLEMAN | * * * | |
| Defendants | * | |

***

## **MEMORANDUM**

The above-captioned case was filed on November 21, 2012, together with a Motion to Proceed in Forma Pauperis. ECF No. 2. Because he appears to be indigent, Plaintiff's motion will be granted.

The Complaint seeks to invoke this Court's federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction over pendent state claims under 28 U.S.C. § 1367. ECF No. 1 at 1. Plaintiff John Andrew Noonan ("Noonan") claims his federal and state constitutional rights were violated by Defendants in the context of a criminal investigation against him for financial cyber crimes. In addition to monetary damages of 20 million dollars against each named Defendant, Noonan seeks to have criminal penalties levied against Defendants pursuant to 18 U.S.C. § 1581, making it a federal criminal offense to return a person to conditions of peonage. Id. at 5 – 6. For the reasons set forth below, the Complaint must be dismissed in its entirety.

Noonan states he and his co-plaintiff, Barbara Ann Liberatore, were charged with violation of Md. Crim. Law, Code Ann. § 8-801(b) between June 7, 2011 and July 7, 2011, in the Circuit Court for Baltimore County, Maryland. Ultimately both cases were not prosecuted or "nolle prosequi." Nevertheless, Noonan contends that the public defender assigned to his case, Donna Coleman, provided ineffective assistance of counsel. His claims against her include allegations that she did not raise issues he asked her to raise, "cussed" him out when he

continued to file self-represented pleadings in the criminal case, accused him of being guilty of the charges against him, and accused him of being racist. Noonan includes in his Complaint a Sixth Amendment claim, presumably against Coleman for ineffective assistance of counsel. The claim against Coleman fails, however, because she is not a state actor. Attorneys appointed by the state or privately hired do not act under color of state law within the meaning of 42 U.S.C. § 1983. See Polk County v. Dodson, 454 U.S. 312, 324-25 (1981) (public defenders); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (privately retained attorney). In Polk the Supreme Court held that the fact that the attorney being sued was employed by the state did not alone establish sufficient support for state action and the proper focus should be on the nature and context of the function the attorney is performing. See Polk at 325. The adversarial relationship between the public defender's office and the state in the context of representation of criminal defendants precludes a finding of state action for that function.

Noonan's claims against State's Attorneys Shellenberger and Lippe, and county attorneys Field and Vinson include failure to prosecute a notary public who improperly notarized a document, institution of criminal charges without probable cause, placing Noonan under a state of peonage by claiming he owed a debt to the state, attempting to suborn perjury from his co-plaintiff implicating him in the crime, and lying to the court to obtain a continuance. The constitutional claims against these Defendants are less clear, but Noonan claims his First, Fourth, Fifth, Sixth, Eighth, Thirteenth and Fourteenth Amendment rights were violated by all of the conduct described. Additionally, he asserts that Shellenberger and Lippe should be charged with perpetrating a hate crime. ECF No. 1 at 3 – 6.

Maryland's State's Attorneys[1] are quasi-judicial officers who enjoy absolute immunity when performing prosecutorial, as opposed to investigative or administrative. functions. See Imbler v. Pachtman, 424 U.S. 409 (1976). Absolute immunity is designed to protect judicial process; thus, the inquiry is whether a prosecutor's actions are closely associated with judicial process. See Burns v. Reed, 500 U.S. 478 (1991). The decision as to "whether and when to prosecute" is "quasi-judicial," therefore, Defendants Shellenberger, Lippe, Field and Vinson enjoy absolute immunity and the claims against them must be dismissed. See Lyles v. Sparks, 79 F.3d 372 (4th Cir. 1996).

---

[1] Noonan lists the count attorneys as being specially assigned to assist the State's Attorney's office. In that role, they are accorded the same immunity as the State's Attorneys.

With respect to Noonan's request that Defendants be criminally prosecuted, he has no civil cause of action to force the criminal prosecution of another.  See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (citizens lack standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution); Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988) (no right to force state to prosecute others under equal protection clause).

To the extent Noonan has a viable state claim against any of the named Defendants, this Court declines to exercise supplemental jurisdiction over those claims.  See 28 U.S.C. § 1367(c).  When, as here, the federal claim is dismissed early in the case, the federal courts are inclined to dismiss the state law claims without prejudice rather than retain supplemental jurisdiction.  See Carnegie Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988).

By separate Order which follows, the Complaint shall be dismissed with respect to all federal claims and dismissed without prejudice with respect to the state claims raised.

December 7, 2012

/s/
_____
George L. Russell, III
United States District Judge